UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rico A. Contino

    v.                              Civil No. 09-cv-62-SM

James O'Mara, Superintendent
of the Hillsborough County
Department of Corrections

**O R D E R**

Before the Court is Rico Contino's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

Standard of Review

Under this Court's local rules, when an plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d). In

conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

On January 9, 2008, Rico Contino pleaded guilty to simple assault, criminal threatening, and stalking in the Nashua District Court ("NDC") and was sentenced to six months in jail.

The petition does not make clear whether or not that sentence has been served, or whether the conviction resulted in any ongoing restriction on Contino's liberty.  Contino later filed a petition for a writ of habeas corpus in the Hillsborough County Superior Court ("HCSC"), alleging that the domestic violence restraining order that served as the basis for the charges to which Contino pleaded guilty on January 9, 2008 was unconstitutional.  The Superior Court denied the petition and advised Contino that a challenge to his guilty plea should first be brought in the court that took the plea.  Contino appealed the HCSC's denial of the petition to the New Hampshire Supreme Court ("NHSC").  The NHSC advised Contino to file a proper notice of appeal by November 10, 2008.  Contino's petition does not state what the status of that appeal is, or what issues were raised therein.

Contino, in addition to filing an appeal in the NHSC, returned to the NDC and filed a motion to withdraw his guilty plea there.  A hearing on the motion to withdraw is scheduled on March 18, 2009.

Contino also has a separate felony stalking charge pending in the HCSC.  The instant petition, therefore, cannot challenge a conviction or sentence on that charge.  There are, however, two

probation violations that have been filed against Contino in the last year. The petition does not make clear what the status of those violations are or whether he is challenging a conviction or sentence imposed pursuant to those violations.

When Contino first filed this action[1], he was not incarcerated. On February 10, 2009, Contino advised the Clerk's Office that he became incarcerated on February 6, 2009, on a criminal trespass charge. It does not appear that the criminal trespass incarceration Contino is presently subject to is related to any of the charges discussed in this petition.

## Discussion

Section 2254(a) confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, to seek habeas relief under § 2254, Contino must allege both that his state conviction or

---

[1] This case was initially filed as a civil rights action under 42 U.S.C. § 1983 on January 14, 2009. See Contino v. Unknown Police Officer #1, No. 09-cv-09-PB. On February 25, 2009, I directed that a second case, this case, be opened and docketed to address Contino's § 2254 claims. On March 10, 2009, Contino's motion to withdraw the complaint in the civil rights case was granted, closing that case.

sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state conviction or sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). Although Contino is presently incarcerated, it is unclear whether or not he can presently satisfy the "in custody" requirement of § 2254(a), as this Court does not know Contino's custody status regarding any conviction or sentence Contino intends to challenge here. Accordingly, I will direct Contino to amend his petition to name the convictions and/or sentences he seeks to challenge and to demonstrate whether or not he is "in custody" pursuant to those convictions or sentences for purposes of satisfying the habeas statute.

In addition to demonstrating that he is "in custody," to be eligible for habeas relief, Contino must show that he has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981). At this time, Contino's petition does not demonstrate that he has exhausted his state remedies.

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)).  A petitioner may fairly present a claim to a state court by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a

manner that fairly alerts the State court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law. Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099–1100 (1st Cir. 1989)); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (A litigant wishing to raise a federal issue can exhaust the federal issue in the state courts "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to a state court).

    Contino has not specifically stated the federal constitutional challenges he intends to raise here. Also,

Contino has not demonstrated that he has raised the claims he intends to raise here, including the federal nature of those claims, in the state courts. This Court cannot, at this time, determine whether any claims he might raise here have been exhausted. Finally, Contino has not alleged or demonstrated that effective state court corrective processes are unavailable to him. Accordingly, Contino must amend his petition to state facts sufficient to demonstrate exhaustion of the claims he intends to raise for this action to proceed.

## Conclusion

I direct Contino to amend his petition within thirty (30) days of the date of this Order to demonstrate what his federal habeas claims are, that those claims have, in fact, been exhausted in the state courts, or that he should be excused from exhaustion, and to demonstrate that he is, in fact, in custody on a conviction or sentence challenged in this petition. Specifically, Contino must amend his petition as follows:

1.  To state what convictions and/or sentences Contino challenges here as violative of what particular federal rights;

2.  To state the precise federal habeas claims he seeks to raise in this petition;

    3.    To state whether and how each of the claims here, including the federal nature of the claims, has been exhausted in the state courts²;

    4.    To state whether and how he has been denied access to any state corrective process; and

    5.    To state whether and how he is in custody pursuant to a conviction or sentence he wishes to challenge here.

Any failure to comply with this Order, or to amend his petition as directed, will result in my recommendation that this petition be dismissed for failure to demonstrate exhaustion.³

    **SO ORDERED.**

                                  _/s/ James R. Muirhead_
                                  James R. Muirhead
                                  United States Magistrate Judge

Date:    March 13, 2009

cc:    Rico A. Contino, pro se

---

²See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).

³If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Contino's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).