UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rico A. Contino

    v.                              Civil No. 09-cv-062-SM

James O'Mara, Superintendent,
Hillsborough County House of
Corrections

**REPORT AND RECOMMENDATION**

Before the Court is Rico Contino's petition for a writ of habeas corpus (document nos. 1, 2, 4 & 6). On March 13, 2009, I directed Contino to amend his petition to demonstrate that, at the time his petition was filed, he was in custody pursuant to a conviction or sentence he was challenging in his petition. I further directed Contino to show that each of his claims, including the federal nature of each claim, had been exhausted in the state courts. Contino timely filed an amendment to his petition (document no. 9). The matter is therefore before me for preliminary review to determine, among other things, whether the petition is facially valid and may proceed. See United States District Court for the District of New Hampshire Local Rule

("LR") 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In 2007, Rico Contino was charged with criminal threatening, stalking, simple assault, and two counts of driving with a suspended registration. On January 9, 2008, Contino pleaded guilty to all of those charges in the Nashua District Court ("NDC"). Contino was sentenced, on each of the non-driving offenses, to one year in jail, to be served consecutively to each other, with all of those sentences to be deferred for a period of two years, until January of 2010. Contino was also placed on probation for two years and directed to complete a 28-day residential treatment program. Contino was sentenced to a year in jail on the driving charges. He was directed to serve six months of that sentence, and the remaining six months of the sentence was deferred. Contino was given pretrial credit for 134 days toward the committed portion of that sentence.

Contino alleges here that his attorney coerced him to plead guilty. He alleges that he repeatedly asserted his desire to exercise his right to a trial in these cases, as he does not feel that he is guilty of any of the charges. Contino claims that the

non-driving charges arose from alleged violations of a July 2007 domestic violence restraining order that was unconstitutionally issued, and that he did not do the criminal acts to which he pleaded guilty.  Contino also states that the driving charges were faulty because his motor vehicle registration was not actually suspended at the time that he was accused of driving with a suspended registration.

Contino claims that the domestic violence restraining order that was issued by the NDC in July of 2007 was unconstitutional because, due to related pending criminal charges, he was unable to tell the judge hearing the application for the restraining order his version of the relevant incidents, leaving the judge only with the complainant's recitation of facts.  The July 2007 restraining order expired in July of 2008.

Before the expiration of the restraining order, Contino was again arrested, in July of 2008, for violating the Order, and again charged with stalking, which was charged as a felony because it was a second offense, the first being the charge to which he pleaded guilty on January 9, 2008.  In addition, as Contino was on probation at the time of his July 2008 arrest for

stalking, he was charged with a violation of his probation arising out of that charge.[1]

On July 19, 2008, Contino filed a motion in the NDC to vacate his January 2008 guilty plea and sentence, but received no response.  On August 29, 2008, Contino filed a petition for a writ of habeas corpus in the Hillsborough County Superior Court ("HCSC") challenging the July 2007 restraining order and his January 2008 guilty plea.  The HCSC denied his petition.  On September 11, 2008, Contino filed an appeal of the HCSC's denial of his habeas petition in the New Hampshire Supreme Court ("NHSC").  Contino attached both his July 19 motion to the NDC and his August 28 petition to the HCSC to his appeal.

On September 25, 2008, Contino filed another motion in the NDC seeking to withdraw his plea.[2]  On October 6, 2008, Contino filed a petition for a writ of habeas corpus in the NDC, but that court transferred the petition to the NHSC as the NDC lacked

---

[1]Contino further alleges that he has been charged with probation violations for a new criminal trespass and bail jumping arrest, and for violating conditions of his bail.  These probation violation charges are not challenged in this petition.

[2]A hearing was originally scheduled on Contino's September 25 motion, but, on February 24, 2009, Contino has received notice from the NDC that his motion to vacate was denied without a hearing.

5

jurisdiction to hear the matter. On October 8, 2008, Contino filed another habeas petition in the HCSC which was substantively identical to the petition he filed in the NDC on October 6.[3]

On October 14, 2008, Contino filed an action entitled "Petition of Rico Contino" in the NHSC, attaching his September 25 motion to the NDC and his October 8 petition to the HCSC. Shortly thereafter, Contino addended that action by filing an affidavit, which was also provided to the office of the New Hampshire Attorney General, the HCSC and the NDC.

On November 15, 2008, Contino again filed a petition for a writ of habeas corpus in the HCSC and sent a copy to the NHSC. Contino filed two addenda in the NHSC on December 2 and 4, 2008. On December 8, 2008, Contino filed what he describes as a notice of appeal in the NHSC. Contino alleges that on January 8, 2009, his notice of appeal was summarily declined by the NHSC.

---

[3]Contino claims that his habeas petition was granted, but that he has never received notice of the granting from the HCSC. It is not clear what effect the granting of this petition had on Contino, as Contino has not attached a copy of the document to his petition here. It does not appear, however, that Contino feels that the granting of his October 6 habeas petition by the HCSC has rendered his petition before this Court unnecessary. I assume, therefore, that Contino was not granted the relief he seeks here.

Petitioner then filed this federal habeas action. Subsequent to his filing here, he has twice asked the NHSC to provide him with a reason for the declination of his appeal, but has received no response.

In this federal habeas petition, Contino has raised the following claims[4]:

1. Contino's convictions for criminal threatening, stalking, simple assault, and two counts of operating a motor vehicle with an expired registration, entered in the NDC upon his January 9, 2008 guilty plea, and the sentences imposed thereon, violate his Fifth, Sixth, and Fourteenth Amendment rights, and should be vacated because:

    A. Contino was not advised what the state was required to prove to obtain a stalking conviction at trial, and, had Contino known, he would not have entered a guilty plea to that charge;

    B. Contino's attorney forced him to plead guilty to charges on which he wanted to go to trial;

    C. The NDC Judge who accepted Contino's guilty plea was aware, at the time of Contino's plea, that Contino wanted a trial on these matters;

    D. Due to his mental condition and lack of necessary mental health medications, Contino was "not right in the head" and "very delusional" at the time his guilty plea was entered, rendering him incompetent

---

[4]The claims, as identified and enumerated herein, will be considered to be the claims raised in the petition for all purposes. If Contino objects to this identification of his claims, he must do so by objecting to this Report and Recommendation or by properly moving to amend his petition.

       to knowingly, intelligently, and voluntarily enter the plea, which was known to his attorney and to the judge who accepted his plea;

2. Contino received ineffective assistance of counsel in the NDC, resulting in his guilty plea to offenses he did not commit in violation of his Sixth and Fourteenth Amendment rights; and

3. The July 23, 2008 protective order issued against Contino violated his Fourteenth Amendment rights, as he was not permitted to be heard prior to the issuance of the order, he was not properly served with the final order after it was issued, and it was based on false information that Contino was unable to challenge.

### Discussion

I. <u>July 23, 2007 Protective Order</u>

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." See <u>Garlotte v. Fordice</u>, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. See <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). While the habeas statute limits the availability of federal habeas review to those who are "in custody," that statute does not define the boundaries of "custody" or, by its own terms, limit "custody" to any particular situation. See <u>Jones v. Cunningham</u>, 371 U.S. 236, 238

(1963). Although habeas relief is not limited to those who are in actual physical custody according to a state court judgment, to be "in custody," an applicant for habeas relief must be subject to significant restraints on his liberty that are "not shared by the public generally." Id. at 239-40.

The First Circuit has followed the Supreme Court in recognizing a number of situations where an applicant who is not in the physical custody of the state has nevertheless been permitted to claim custodial status for purposes of requesting habeas relief. Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) (citing Justices of Boston Mun. Ct. v. Lydon, 466 U.S. 294, 301 (1984) (pretrial release on personal recognizance constitutes custody); Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., 411 U.S. 345, 349-51 (1973) (release on personal recognizance pending execution of sentence constitutes custody); Cunningham, 371 U.S. at 240-43 (habeas petitioner on parole is in custody)). The First Circuit has also specifically found that custody requires, at least, some type of ongoing or continuing governmental supervision, and that "[h]e who seeks the writ must be incarcerated, or under imminent threat of incarceration, in order

to meet the custody requirement of the habeas statute." Tinder v. Paula, 725 F.2d 801, 803-04 (1st Cir. 1984).

It appears that Contino seeks to have this Court declare the restraining order unconstitutional and therefore, void, *nunc pro tunc.* This amounts to a request for declaratory relief, as the order is no longer in effect, but expired on July 22, 2008. Contino is seemingly making this request because he is presently awaiting trial, and therefore is potentially subject to future incarceration, on a felony charge that results from an accusation that he violated the restraining order before it expired. The fact that Contino may be subject to incarceration in the future arising out of his violation of a restraining order does not give rise to a finding that Contino is in custody, pursuant to the order, for habeas purposes. Compare Spencer v. Kemna, 523 U.S. 1, 15 (1998) (rejecting analogous claim that case-or-controversy requirement is satisfied by general assertion or inference that respondents may be prosecuted for a future violation of a valid criminal law, and resting ruling on assumption that people will conduct activities within the law and so avoid prosecution and conviction).


At least four federal district courts have rejected habeas petitions which challenged civil restraining orders on the grounds that such an order did not include restraints severe enough to place the petitioner "in custody" for habeas purposes. See <u>McCreary v. Birkett</u>, No. 2:06-CV-11195, 2006 WL 3257223, at *3 (E.D.Mich. Nov. 9, 2006); <u>Strout v. Maine</u>, No. Civ. 04-40-P-S, 2004 WL 1571768, at *3 (D.Me. July 13, 2004); <u>Rouse v. Chen</u>, No. C 02-01272 VRW(PR), 2002 WL 826835, at *1 (N.D.Cal. Apr. 19, 2002); <u>Jones v. McKibben</u>, No. C 93-4536 FMS, 1994 WL 62105, at *1 (N.D.Cal. Feb. 8, 1994).  Although petitioner here was, between July 23, 2007 and July 22, 2008, under certain restrictions on his freedom of movement not experienced by the public generally, imposed by a civil restraining order, I find that the order at issue here, even if it were still in effect, did not place restraints on Contino's liberty sufficient to enable me to consider him to be "in custody" for purposes of obtaining federal habeas relief.

If Contino wants to challenge a state court civil order, he must do so through the proper state court appellate process. Contino must seek appellate relief from the NDC decision in the

NHSC and, if unsuccessful there, in the United States Supreme Court.  This Court is not an appellate forum for the NDC.[5]

Contino is not in custody pursuant to the July 2007 restraining order and this Court has no jurisdiction to entertain an appeal of an NDC order.  I therefore recommend that his habeas claims based on a challenge to the constitutionality of the July 23, 2007 NDC restraining order, be dismissed for want of jurisdiction.

## II.  January 9, 2008 Guilty Plea

### A.  Custody

Section 2254(a) confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Accordingly, to seek habeas relief under § 2254, as stated above, Contino must allege both that his state conviction or sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state

---

[5]The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, (2006) (affirming principles established in D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)).

conviction or sentence.  See Maleng, 490 U.S. at 491.  Whether or not a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed.  See id.  As discussed above, while actual incarceration is not always necessary to demonstrate that a petitioner is "in custody," a petitioner must demonstrate that he is under "restraints not shared by the public generally, . . . there must be some type of continuing governmental supervision over the person."  Tinder, 725 F.2d at 803 (citing Cunningham, 371 U.S. at 241-43 (parolee is in custody); Helm v. Jago, 588 F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody); and United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975) (person serving suspended sentence is in custody)).  Probationers can be considered to be under governmental supervision because they are generally in the custody of probation officers, and subject to significant restrictions on their liberty.  See Cunningham, 371 U.S. at 237; Tinder, 725 F.2d at 803.

   Contino has alleged that he was subject to six months of committed incarceration, but it appears that he would have served that portion of his sentence prior to filing his petition here.  Contino also alleges, however, that he was sentenced to at least

three additional years in the House of Corrections on other charges, and that those sentences were deferred for a period of two years from the date of his January 2008 plea.  Further, Contino was placed on probation for that two-year period.  Accordingly, because Contino's sentence included two years of probation, in addition to the looming possibility that a deferred three-year sentence could be imposed on him, I find that Contino was in custody at the time this petition was filed for purposes of federal habeas review.

      B.    <u>Exhaustion</u>

Contino raises claims that his conviction pursuant to his January 9, 2008 guilty plea violates his constitutional rights because: (a) his plea was not knowingly, voluntarily, and intelligently entered, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments; (b) he received ineffective assistance of counsel at the time of his plea, in violation of his rights under the Sixth and Fourteenth Amendments; and (c) he was denied a jury trial, in violation of his Sixth and Fourteenth Amendments rights.  All of these challenges are cognizable in a federal habeas petition, provided they have been fully exhausted in the state courts.

Contino's petition must demonstrate that he has exhausted all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981).  A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would

have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)).

A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the State court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (litigant wishing to raise a federal issue can exhaust the federal issue in the state courts "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal"); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.

1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is inadequate to constitute fair presentation of a federal claim to a state court).

In my March 13, 2009 Order, I directed Contino to amend his petition to demonstrate that each of his claims, including the federal nature of those claims, has been fully exhausted in the state courts.  Contino has now amended his petition and, while he has not attached any additional documentation from the state courts beyond what he filed in his instant petition, indicating that the precise claims raised here, including the federal claims, were presented to those courts for consideration, he has specifically alleged that each of these claims, including the federal violation attached to the claims, has been raised in the state courts, including the NHSC, and the initial petition Contino filed in this matter bears out that assertion.  For purposes of preliminary review, therefore, I find that Contino has stated the minimum facts necessary to make a prima facie showing of exhaustion, and I will direct that the claims asserted, with the exception of the claim concerning the

invalidation of the protective order, be answered in an Order issued simultaneously with this Report and Recommendation.

## Conclusion

For the foregoing reasons, I recommend that the claim challenging the July 23, 2007 protective order be dismissed. In my Order, issued simultaneously with this Report and Recommendation, I direct that the remaining claims be answered by Respondent. Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   April 16, 2009

cc:     Rico Contino, pro se