UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Rico A. Contino,
    Petitioner

    v.                                          Civil No. 09-cv-062-SM
                                                Opinion No. 2009 DNH 151
James O'Mara, Superintendent,
Hillsborough County House
of Corrections,
    Respondent

**O R D E R**

Rico Contino has petitioned for a writ of habeas corpus. Both parties have filed summary judgment motions.[1] Neither party, however, has provided (1) the September 5, 2008, Superior Court order, which was apparently relied upon by the New Hampshire Supreme Court in its order dated January 9, 2009,[2] (2) the Acknowledgement and Waiver of Rights form that Nashua District Court Judge Michalik described in his February 10, 2009,

---

[1] The court notes the unusual circumstance of private counsel, rather than government attorneys, representing the respondent. Although generally regarded as a "civil" proceeding, the habeas petition challenges the validity of petitioner's underlying criminal conviction.

[2] An October 9, 2008, Supreme Court order describes the September 5 Superior Court order as "denying a petition for writ of habeas corpus" but says nothing about the grounds for that denial. For his part, petitioner characterizes the September 5 order as denying his petition and stating that he needed to "seek a withdrawal of his plea in the District Court." (Attach. to Pet., at 29.) But, again, neither party has produced a copy of the September 5 Superior Court order.

order as being attached thereto, or (3) the record of the January 9, 2008, plea hearing to which Judge Michalik referred in his February 10 order.  The court cannot properly resolve the motions before it without consideration of those essential aspects of the state court record.  Counsel for the respondent is directed to produce those records within thirty days, with copies provided to petitioner.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 14, 2009

cc: Rico A. Contino, pro se
    Elizabeth L. Hurley, Esq.

2