UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Rico A. Contino,
    Petitioner

    v.                              Civil No. 09-cv-062-SM
                                      Opinion No. 2009 DNH 180
James O'Mara, Superintendent,
Hillsborough County House
of Corrections,
    Respondent

**O R D E R**

Rico Contino petitions for a writ of habeas corpus. 28 U.S.C. § 2254. Both parties have moved for summary judgment. Petitioner has attached neither an affidavit nor any other exhibit to his motion, which is supported, if at all, by an affidavit he filed three days before he filed the motion. Respondent objects to petitioner's motion while petitioner has filed no objection to respondent's. For the reasons given, respondent's summary judgment motion is granted, and petitioner's motion is, necessarily, denied.

**Background**

On January 9, 2008, Rico Contino, who was represented by counsel, pled guilty in Nashua District Court to one count each of criminal threatening, stalking, and simple assault. (Respt.'s Mot. Summ. J., Ex. A.) On the day he pled, Contino executed a

plea agreement that was signed and approved by Judge James Michalik.  (Id., Ex. B.)  Contino also executed a form titled "Acknowledgment and Waiver of Rights" on which: (1) he acknowledged that he understood the nature of the charges against him; (2) his attorney certified that he explained the nature of the charges against him and the elements of the offenses with which he had been charged; (3) Judge Michalik found that Contino understood the nature of the charges against him and the elements of the offenses with which he had been charged; (4) Contino stated that no force had been used to compel him to enter his guilty plea; (5) he stated that he had given up his right to a speedy and public trial of his own free will; and (6) Judge Michalik found that Contino had entered his plea and waived various constitutional rights intelligently, knowingly, and voluntarily.  (Resp't's Mot. for Recons., Ex. B (document no. 41-3).)

On July 23, 2008, Contino filed a motion in the Nashua District Court seeking to vacate the sentence to which he had earlier agreed on January 9, and to dismiss the misdemeanor charges against him.[1]  In essence, he sought to withdraw his

---

[1] Contino's interest in avoiding his guilty pleas appears to be explained by the following paragraphs from his motion:

> This petitioner was arrested on 7/4/08, charged with stalking to do with the petitioner's ex-wife

pleas on grounds that he was misinformed, misled, and intimidated by his attorney into pleading guilty to a crime he did not commit (stalking),[2] and that he was not in his right state of mind at the plea hearing because he had been denied his psychiatric medication while incarcerated beforehand. Judge Michalik denied Contino's motion in an order dated February 10, 2009, which referred to the plea agreement and the Acknowledgment and Waiver of Rights. In his order, Judge Michalik stated that he had reviewed the record of the plea hearing and then summarized his

---

> Brenda L. Wilson. Again, the petitioner was not stalking! (This) stalking charged was charged to me as a felony! Because of the guilty conviction of the stalking described above.
>
> The petitioner was not aware that (another) stalking charge would be a felony.

(Compl., Attach. at 12.) It is perhaps worth noting that the Acknowledgment and Waiver of Rights form that Contino executed on January 9, 2008, includes the following provision, which is proceeded by a handwritten check mark:

> I understand that if I am convicted of stalking under RSA 633:3-a and have one or more prior stalking convictions in this state or another state when the second or subsequent offense occurs within 7 years following the date of the first or prior offense, I shall be guilty of a class B felony.

(Resp't's Mot. for Recons., Ex. B, at 2.)

[2] Regarding his attorney's performance, Contino wrote: "This Petitioner strongly feels that he was, by his lawyer misled, intimidated, and misinformed about what constitutes the above charges; and pleaded guilty." (Compl., Attach. at 11.)

colloquy with Contino. Based upon his review and summary, the judge ruled:

> In view of the record and the thoroughness of the actual agreement attached to the acknowledegment the Court finds that the Defendant knowingly, intelligently and voluntarily entered his pleas on January 9, 2008. Boykin v. Alabama, 395 US 238 (1969); State v. Arsenault, 153 NH 413 (2006). His Motion to Vacate is DENIED.

(Resp't's Mot. Summ. J., Ex. E, at 3.) Contino has provided no evidence that he ever appealed the Nashua District Court's order of February 10.

Between the time he moved to vacate his sentence and the time his motion was ruled on, Contino filed several other pleadings seeking essentially the same relief. The first of those pleadings was a petition for a writ of habeas corpus, filed in the Superior Court, dated August 27, 2008. That court's September 4 order on Contino's petition stated, in its entirety: "The request for a writ of Habeas Corpus is DENIED. The defendant must seek a withdrawal of his plea in the District Court." (Resp't's Mot. for Recons., Ex. A.) Subsequently, Contino filed: (1) a petition for a writ of habeas corpus, in the New Hampshire Supreme Court, dated September 11;[3] (2) a motion to

---

[3] In an order dated October 9, 2008, the Supreme Court construed that filing as both an appeal of the Superior Court's September 4 order and a petition for a writ of habeas corpus.

withdraw his plea, in the Nashua District Court, dated September 22;[4] and (3) a Notice of Discretionary Appeal, in the New Hampshire Supreme Court, dated December 8.

In his December 8 Notice of Appeal, Contino indicated that he was appealing the Superior Court's September 4 denial of his habeas petition. In that order, the court did not reach the merits of his petition but, rather, directed him to move the Nashua District Court to allow him to withdraw his plea. Notwithstanding the limited character of the order from which he was appealing, Contino gave the following brief description of the nature of his case: "my guilty plea was involuntary." (Compl., Attach. at 192.) He then elaborated:

> I did not understand what I was pleading to;
> I was deceived by my attorney;
> I was very sick with mental illness;
> I did not know of a possible future charge enhancement;
> I am innocent of two of the three charges I pled to – the first charge of simple assault – I did not assault anyone. I grabbed my live-in girlfriend's wrist to retrieve monies she owed me but would not pay;
> I was manipulated into (taken advantage of) pleading guilty out of retaliation for filing

---

(Compl., Attach. at 139.) It then dismissed the habeas petition and directed petitioner to refile his appeal of the September 4 order in proper form. (Id. at 139-40.)

[4] The disposition of that motion is not clear from the record.

5

>             complaints against certain Nashua police
>             officers.
>
>      I feel that these issues above deserve attention
> from this court.  Because I was all alone, defenseless,
> and something like this should never happen.
> Especially considering the pettiness of what I actually
> did and did not do.  And the reasons why I had to go
> through it all.  Judge did not inquire into above.

(Compl., Attach. at 193.)  By order dated January 8, 2009, the New Hampshire Supreme Court declined to hear Contino's appeal. Because the Superior Court order from which Contino appealed did nothing more than direct him to seek relief in the Nashua District Court, the additional issues he identified in his Notice of Appeal were not fairly presented to the Supreme Court, it being axiomatic that an appeal is necessarily limited to the issues decided by the decision appealed from.

Contino filed his habeas petition in this court on February 25, 2009.  As construed by the magistrate judge, his petition consists of the following claims:

   1.   Contino's convictions for criminal threatening,
        stalking, simple assault, and two counts of
        operating a motor vehicle with an expired
        registration, entered in the [Nashua District
        Court] upon his January 9, 2008 guilty plea, and
        the sentences imposed thereon, violate his Fifth,
        Sixth, and Fourteenth Amendment rights, and should
        be vacated because:

        A.   Contino was not advised what the state was
             required to prove to obtain a stalking
             conviction at trial, and, had Contino known,

      he would not have entered a guilty plea to that charge;

   B. Contino's attorney forced him to plead guilty to charges on which he wanted to go to trial;

   C. The [Nashua District Court] Judge who accepted Contino's guilty plea was aware, at the time of Contino's plea, that Contino wanted a trial on these matters;

   D. Due to his mental condition and lack of necessary mental health medications, Contino was "not right in the head" and "very delusional" at the time his guilty plea was entered, rendering him incompetent to knowingly, intelligently, and voluntarily enter the plea, which was known to his attorney and to the judge who accepted his plea;

  2. Contino received ineffective assistance of counsel in the [Nashua District Court], resulting in his guilty plea to offenses he did not commit in violation of his Sixth and Fourteenth Amendment rights.

(Report & Recommendation (document no. 12), at 7-7.)

### Discussion

  Respondent argues that Claim One was procedurally defaulted, that Claim Two has not been exhausted, and, in the alternative, that both claims lack merit.  Because both Claims One and Two have been procedurally defaulted by virtue of Contino's failure

to appeal the Nashua District Court's February 10 order, respondent is entitled to summary judgment.[5]

Federal habeas corpus relief may not be granted unless a petitioner's state-law remedies have been exhausted, or deemed exhausted, in one of the three ways specified in 28 U.S.C. § 2254(b).[6]

Because there is no indication in the record that Contino ever appealed the District Court's February 10 order denying his motion to vacate his sentence, he appears not to have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). But, because an appeal of that order would now be time barred, see N.H. SUP. CT. R. 7(1)(B) (providing that a discretionary "appeal shall be filed by the moving party within

---

[5] While respondent contends, in the context of his exhaustion argument, that Contino did not raise ineffective assistance of counsel in his Nashua District Court motion to vacate his sentence, he did, in fact, rely on that theory. (See Compl., Attach. at 11.)

[6] Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." But, in this case, such a disposition is not possible due to significant evidentiary gaps. Regarding Claim One, the record still lacks the transcript of the January 9, 2008, sentencing hearing. Regarding Claim Two, judgment on the merits for respondent would seem to require, at the very least, an affidavit from Contino's attorney.

30 days from the date on the clerk's written notice of the decision on the merits"), Contino's claim has been procedurally defaulted.  See Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007) ("a claim is procedurally defaulted if it was not presented to the state courts and it is clear that those courts would have held the claim procedurally barred").  As has been explained in somewhat greater detail:

> When a claim is not exhausted because it was not fairly presented to the state courts, but state procedural rules bar further state relief, the exhaustion requirement is satisfied because "there is an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000).  However, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court."  Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Thus, where a state court remedy is no longer available because the statutory period for seeking relief has passed, the failure to timely file a claim in state court results in procedural default of the claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

Rivera v. Goode, 540 F. Supp. 2d 582, 591-92 (E.D. Pa. 2008) (parallel citations omitted).

The situation described in Rivera precisely matches the circumstances of this case.  Contino appears not to have appealed the denial of his motion to vacate his sentence, and the time for filing such an appeal has passed.  Thus, both claims Contino

raises in his petition have been procedurally defaulted. "The doctrine of independent and adequate state grounds 'applies to bar federal habeas when a state court [would] decline[ ] to address a prisoner's federal claims because the prisoner has failed to meet a state procedural bar.' " Yeboah-Sefah v. Ficco, 556 F. 3d 53, 56 (1st Cir. 2008) (quoting Coleman, 501 U.S. at 730-31). Accordingly, respondent is entitled to summary judgment.

## Conclusion

For the reasons given, petitioner's motion for summary judgment (document no. 17) is denied, and respondent's motion for summary judgment (document no. 39) is granted. Respondent's motion for reconsideration (document no. 41) is moot. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                  _____
                                                  Steven J. McAuliffe
                                                  Chief Judge

November 30, 2009

cc: Rico A. Contino, pro se
    Elizabeth L. Hurley, Esq.